Dear Honorable Grant,
The Attorney General has received your request for an official opinion asking, in effect:
 When may a special election be held to fill a vacancy in the office of county sheriff?
The filling of vacancies in county offices, other than the office of county commissioner, is covered in 51 O.S. 10(b) (1981) which provides as follows:
 "All vacancies in county offices except the board of county commissioners shall be filled by appointment by the board of county commissioners. If such an appointment is made prior to the prescribed filing period for county officers in accordance with the provisions of 19 O.S. 131 of the Oklahoma Statutes, the county commissioners shall, at the time said appointment is made, proclaim a special election to fill the balance of the unexpired term, providing the balance of the term does not expire in the year following the next succeeding general election. In making the proclamation, the county commissioners shall establish the dates for the filing period, primary election, run-off primary election and general election to be the same as the next succeeding filing period, primary election, runoff primary election and general election for county officers. The appointee shall be eligible to become a candidate at said special election, providing said appointee is otherwise qualified. The office to be filled shall be printed on the same ballot as other county offices.'' (Emphasis added).
With your opinion request you have indicated that a vacancy occurred in the office of county sheriff, six months into the term for which he was elected, which term began in January, 1985. A vacancy in a county office created by the failure of an officer to take office in the first six (6) months of the term is discussed in A.G. Opin. No. 84-170. It is therefore a vacancy occurring "prior to the prescribed filing period for county officers" for the general elections in 1986. It is also a term of office which "does not expire in the year following the next succeeding general election" since the sheriff's term expires in January, 1989, and the next county general election will be in November, 1986. 19 O.S. 131 (1984). According to the precise language of 51 O.S. 1981, 10 the county commissioners would make the appointment of a successor sheriff and simultaneously proclaim a special election to fill the vacancy. There is no room for statutory construction where the intent and meaning of a statute are clearly expressed. Jackson v. Independent School Dist. No. 16of Payne County, 648 P.2d 26 (Okla. 1982). The heart of your question is how soon the special election must be called.
Again, we call your attention to the plain language of 51 O.S.10:
 "In making the proclamation, the county commissioners shall es tablish the dates for the filing period, primary election, runoff primary election and general election to be the same as the next succeeding filing period, primary election, runoff primary election and general election for county officers." (Emphasis added). 51 O.S. 10
(1981).
By statute, the next general election for county officers will be in 1986. 19 O.S. 131 (1984). The special election to fill the vacancy in the office of sheriff must be held at the same time.
The intent of the Legislature in passing this statute is clear. County elections to elect county officers, whether it be a special or general election, may only take place every two years in even numbered years. Where a vacancy occurs in the first one and one-half (1 1/2) years of a term of office and before the filing date for general elections, a special election will be held to fill the remainder of the term. Where the vacancy occurs during the last two and one-half (21/2) years of the term of office and after the filing period for the county general elections, the county commissioners appoint a successor who serves the balance of the term.
It is, therefore, the official opinion of the Attorney General thatpursuant to 51 O.S. 10 (1981), a vacancy in the office of county sheriffoccurring before the filing period for county officers, is filledinitially by a successor appointed by the county commissioners. If thevacancy is for a term which does not expire in the year following thenext county general election, the commissioners must schedule a specialelection to fill the balance of the term at the same time the interimsuccessor is appointed. The special election to fill a vacancy in theoffice of county sheriff may only be scheduled at the same time as thenext regular county general election to elect other county officers.
MICHAEL C. TURPEN, ATTORNEY GENERAL OF OKLAHOMA
THOMAS L. SPENCER, ASSISTANT ATTORNEY GENERAL